# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL D. WARNER, solely in his official capacity as Chapter 7 Trustee of COX OPERATING L.L.C., MLCJR, LLC, COX OIL OFFSHORE, L.L.C., ENERGY XXI, GOM, LLC,ENERGY XXI GULF COAST, LLC, EPL OIL &GAS, LLC, AND M21K, LLC, | * * * * * * | |
| | * | CIVIL ACTION AND |
| | * | ADVERSARY PROCEEDING NO. |
| Plaintiff, | * | 2025-CV-943 |
| | * | |
| VERSUS | * | |
| | * | |
| BRAD E. COX, CRAIG SANDERS, VINCENT DEVITO, JOSEPH WINKLER, WILLIAM | * | DISTRICT JUDGE LONG |
| GRAHAM IN HIS CAPACITY AS TRUSTEE OF | * | |
| THE BRADLEY EDWIN COX TRUST, CRAIG | * | MAGISTRATE JUDGE NORTH |
| SANDERS ANDWILLIAM GRAHAM IN THEIR | * | |
| CAPACITIES AS CO-TRUSTEES OF THE | * | |
| CHARLEE LOCHRIDGE COX DYNASTY | * | |
| TRUST, WILLIAM GRAHAM IN HIS | * | |
| CAPACITY SS TRUSTEE OF THE EDWIN L. | * | |
| COX "B" TRUST, CLS DEVELOPMENT, LLC, | * | |
| COX INTERESTS, LLC, COX INVESTMENT | * | |
| PARTNERS, LP, COX GATHERING LLC, COX | * | |
| MANAGEMENT DALLAS, LLC, COX OIL AND | * | |
| GAS, LLC, COX OIL LLC, CW FACILITIES, | * | |
| LLC, DALLAS ESTATE MANAGEMENT, LLC, | * | |
| EASTEX DEER MEADOW, LLC, FLOW LINE | * | |
| TRANSPORTATION, LLC, HALF MOON LAKE, | * | |
| L.L.C., LOCHRIDGE ENERGY SERVICES P&A, | * | |
| LLC, LSC 27 LLC, PHOENIX PETRO | * | |
| SERVICES, LLC, PROTEUS ENERGY LLC, | * | |
| QUARANTINE BAY LLC, RCL PELICAN, RC L | * | |
| S BAY LLC, WIN MANAGEMENT, LLC, | * | |
| WINDWARD CAPITAL ASSETS, AND JOHN | * | |
| DOE DEFENDANTS 1–15, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(b)(2)

## I.       Introduction

The matter before the Court is an adversary proceeding brought by the Texas Bankruptcy Trustee in an attempt to avoid alleged pre-bankruptcy petition transfers against various Defendants. This motion is brought by certain nonresident individual and entity defendants who seek dismissal on personal jurisdiction grounds.

Pursuant to Fed. R. Civ. P. 12(b)(2), the Court should dismiss Brad E. Cox and Vincent DeVito (together, the "Nonresident O&D Cox Defendants") and LSC 27, LLC ("LSC"), Dallas Estate Management, LLC ("Dallas Estate Management"), CW Facilities, LLC, ("CW Facilities"), Cox Management Dallas, LLC ("Cox Management Dallas"), Cox Investment Partners, LLC ("CIP"), Cox Oil & Gas, LLC ("Cox Oil & Gas"), Phoenix Petro Services, LLC ("Phoenix") and Proteus Energy LLC ("Proteus") (collectively, the "Nonresident Cox Entity Defendants") (all together, the "Nonresident Cox Defendants") for lack of personal jurisdiction because the Chapter 7 Trustee, Michael D. Warner has not alleged—and cannot meet his burden—to establish a *prima facie* case that the Eastern District of Louisiana has general or specific personal jurisdiction over the Nonresident Cox Defendants.[1]

The posture of this case is somewhat unusual because the alleged wrongdoers are the Plaintiff Debtors—not the Defendants.  Here, the entire case rests on the Trustee's premise that, before filing for bankruptcy, the Plaintiff Debtors Cox Operating, LLC and MLCJR, LLC made payments to Mr. Cox and to some of the Entity Defendants that the Trustee alleges should not have

---

[1] On August 28, 2025, the Trustee filed a consented-to Motion for Leave to file the Third Amended and Supplemental Adversary Complaint and Jury Demand ("TAC").  (ECF 25-1).  The Motion to Amend seeks leave to correct a misnomer of a defendant and to revise the description of a property alleged in the TAC.  Otherwise, the SAC is the operative complaint with allegations and counts referred to in Motion.  (ECF 28, 29).

1

occurred for the various reasons asserted in the Second Amended Complaint ("SAC").[2] *See, generally*, Sec. Am. Compl., Ex. C, *Warner v. Cox*, No. 2:25-cv-00943 (E.D. La. Jul. 15, 2025) ECF 12., Ex. C). The SAC alleges that the Defendants are by-standers who received funds from the Plaintiff Debtors. (*See, generally,* SAC).

Personal jurisdiction does not exist over the Nonresident Cox Defendants for the following reasons. First, the Nonresident Cox Defendant's contacts with Louisiana are insufficient to establish general jurisdiction. Mr. Cox and Mr. DeVito are residents and citizens of Texas and Virginia, respectively, and each conduct business in Dallas, Texas. Similarly, none of the Nonresident Cox Entity Defendants were organized, exist, or have a principal place of business in Louisiana. Even if the Trustee could allege that the Nonresident Cox Defendants have a limited connection to Louisiana, this would still be insufficient to establish general jurisdiction as it would fail the "continuous and systematic" test.

Second, the Court Lacks Specific Jurisdiction Over the Nonresident Cox Defendants because, as alleged by the Trustee, all conduct related to this lawsuit occurred in Texas, not Louisiana. More specifically, the Trustee does not allege that any of these entities have a principal place of business in Louisiana, that any of them regularly conduct business in Louisiana, that any of them own property in Louisiana, or that they purposefully availed themselves of the jurisdiction of the State of Louisiana in any other way. While the Trustee asserts that each of the transfers that

---

[2] On August 28, 2025, the Trustee filed a consented-to Motion for Leave to file the Third Amended and Supplemental Adversary Complaint and Jury Demand ("TAC"). Third Am. Compl., *Warner v. Cox*, No. 2:25-cv-00943 (E.D. La. Aug. 28, 2025), ECF 25-1. The Motion to Amend seeks leave to correct a misnomer of a defendant and to revise the description of a property alleged in the TAC. Otherwise, the SAC is the operative complaint with allegations and counts referred to in Motion for the ease of reading for the Court and the parties

form the basis of this lawsuit was directed, authorized, and received in Texas, through Texas bank accounts, he has not alleged a connection between the suit-related conduct and Louisiana.

Accordingly, this Court should dismiss the Nonresident Cox Defendants for lack of personal jurisdiction because the Trustee has not made a *prima facie* showing that either general or specific jurisdiction exists over any of the Nonresident Cox Defendants.[3]

## II. Background

The Trustee broadly alleges that the Eastern District of Louisiana "may exercise personal jurisdiction over each of the Defendants because each Defendant is either a citizen of [Louisiana], or has such minimum contacts with [Louisiana] that related directly to the claims asserted against him or it, that personal jurisdiction may be exercised consistent with the United States Constitution." *See* Second Am. Compl. ("SAC") ¶ 62, *Warner v. Cox*, No. 2:25-cv-00943 (E.D. La. Jul. 15, 2025), ECF 12. However, the Trustee fails to allege any facts that the Nonresident Cox Defendants are at home in Louisiana or that the suit-related conduct occurred in Louisiana.

***Brad Cox and Vincent DeVito Do Not Live or Work in Louisiana.*** The Trustee brought claims against Mr. Cox and Mr. DeVito in their capacities as officers and directors of the entities named as defendants in this lawsuit. (SAC ¶¶ 27, 29). Mr. Cox is a resident and citizen of Texas, where he is registered to vote, and Mr. DeVito is a resident and citizen of Virginia, where he is registered to vote. (SAC ¶¶ 27, 29); Exhibit 1 (Decl. B. Cox ¶ 3); Exhibit 2 (Decl. V. DeVito ¶ 3). The Trustee correctly alleges that in their officer and director roles, both are headquartered in Texas. (SAC ¶ 240(a)); Ex. 1 (Decl. B. Cox ¶ 6); Ex. 2 (Decl. V. DeVito ¶ 6). The Trustee does not allege any facts that either Mr. Cox or Mr. DeVito have a personal connection to Louisiana.

---

[3] The Court should note that concurrent with the filing of this motion, the Defendants filed a Motion to Transfer Venue to the Southern District of Texas that, if granted, would essentially moot this jurisdictional motion.

(*See, generally,* SAC).  Without elaborating, the Trustee broadly makes the conclusory allegation that "[i]n his capacity as a director and officer of the various Debtors and [Entity] Defendants, [Mr.] DeVito has conducted extensive operations and transactions in both Louisiana and Texas." (SAC ¶ 29).  The Trustee does not identify or otherwise describe any of these alleged "operations" or "transactions," what entity or entities were involved, or how these vague events could confer jurisdiction over Mr. DeVito.  (*Cf., generally,* SAC).  The Trustee does not make any similar allegations about Mr. Cox.  (*Cf.* SAC ¶ 27).

***Nonresident Cox Entity Defendants Are Not "at Home" in Louisiana.***  The Trustee correctly alleges that Dallas Estate Management LLC, and Cox Oil & Gas LLC were organized and exist under the laws of the State of Texas and that LSC[4], Cox Investment Partners, LP, Cox Management Dallas LLC, Cox Oil LLC, CW Facilities, Phoenix Petro Services LLC, and Proteus Energy LLC were organized and exist under the laws of the State of Delaware.  (SAC ¶¶ 38, 40-44, 49-51; Ex. 1 (Decl. B. Cox ¶¶ 7-8); Ex. 2 (Decl. V. DeVito ¶¶ 7-8).

The Trustee does not allege that any of the Nonresident Cox Entity Defendants have a connection to Louisiana.  (*See, generally*, SAC).  He does not allege that any of these entities have a principal place of business in Louisiana, that any of them regularly conduct business in Louisiana, that any of them own property in Louisiana, or that they purposefully availed themselves to the jurisdiction of the State of Louisiana in any other way.  (*See, generally*, SAC).  Indeed, he does not make such allegations because no facts to that effect exist.

---

[4] Although the Trustee both alleges that LSC was organized and exists under the laws of the State of Texas, (SAC ¶ 49), and that it is a "Delaware LLC," (SAC ¶ 198), LSC is in fact a Delaware company with a principal place of business in Texas.  Ex. 1 (Decl. B. Cox ¶ 8); Ex. 2 (Decl. V. DeVito ¶ 8).

Instead, the Trustee correctly alleges that each of the Nonresident Cox Entity Defendants has its headquarters in Dallas, Texas. (SAC ¶ 240(a) (alleging the defendants are headquartered in Texas)); Ex. 1 (Decl. B. Cox ¶ 7-9); Ex. 2 (Decl. V. DeVito ¶ 7-9). While the Trustee alleges that there was a so-called "New Orleans Headquarters" where the "day-to-day operations" occurred, this allegation is specifically limited to Plaintiff Debtor Cox Operating. (SAC ¶ 75). The Trustee does not allege that any other party had a principal place of business, conducted daily operations, transacted business, or owned property in Louisiana, or otherwise purposefully availed itself of this forum. (*See, generally*, SAC).

***No Suit-Related Conduct in Louisiana; the Alleged Transfers Occurred in Texas.*** As the Trustee admits, *all* of the transfers giving rise to every claim in this matter were directed, authorized, and received in *Texas*, using *Texas* bank accounts, by officers, directors, and entities that are headquartered in *Texas*. (SAC ¶ 240(a)-(c)).

The Trustee only alleges a handful of allegations specific to any of the Nonresident Cox Defendants, yet, none of these allegations allege a connection to Louisiana. For example, the Trustee alleges that Nonresident Cox Entity Defendant LSC conducts business in Texas and Colorado and has obtained financing from Texas state-chartered banks. (SAC ¶ 207). He also alleges LSC owns a home in Vail (the "Vail Home"), where it previously owned a condominium. (SAC ¶¶ 27, 89(b)(ii), 106[5], 202). LSC leases the Vail Home to Cox Operating for corporate use in Colorado. (*See* SAC ¶ 89(b)(iii)). The Trustee alleges the construction loan for the Vail Home involved Texas entities, Independent Bank of Texas and LSC, and Texas residents, Brad and Catherine Cox. (SAC ¶¶ 89(b)(iv)). While the Trustee alleges both that "transfers [from Cox

---

[5] This paragraph 106 refers to the paragraph that appears on page 60 of the SAC, between paragraphs 201 and 202.

Operating LLC to LSC] were executed in Louisiana," (SAC ¶¶ 390-391) and that all of the transfers at issue were directed and authorized in Texas (SAC ¶ 240), he does not allege that LSC received any transfer in Louisiana. (*See, generally,* SAC). Again, while the Trustee alleges both that the transfers from Cox Operating to LSC "were made to one or more bank accounts maintained by LSC in Colorado or to creditors of LSC in Colorado," (SAC ¶¶ 390-391), and that the "principal bank accounts of Cox Operating and the other [defendants] were located in Texas," he does not allege that the transfers involved bank accounts in Louisiana. (*See, generally,* SAC).

### III.    Legal Standard

Federal Rule of Civil Procedure 12(b)(2) confers a right to dismissal of claims against a defendant where personal jurisdiction is lacking. Personal jurisdiction "is 'an essential element of the jurisdiction of a district [] court.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Emp'rs Reins. Corp. v. Bryant,* 299 U.S. 374, 382 (1937)). "When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). On a motion under Rule 12(b)(2), the court takes the allegations in the complaint as true, except as controverted by opposing affidavits, and resolves all conflicts in favor of the plaintiff. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if: (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Carmona v. Leo Ship Mgmt., Inc.,* 924 F.3d 190, 193 (5th Cir. 2019); *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, *et seq.*, extends

6

jurisdiction to the full limits of due process, the inquiries collapse into one and the court's focus is solely on whether the exercise of its jurisdiction in the instant case satisfies federal due process requirements. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010); *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. Rev. State. § 13:3201(B)).

The Due Process Clause of the 14th Amendment "operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 413-414 (1984). The "constitutional touchstone" of the personal jurisdiction inquiry is whether the nonresident defendant "purposefully established 'minimum contacts' in the forum state." *Asahi Metal Indus. Co., Ltd. v. Super. Ct.*, 480 U.S. 102 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). To determine whether personal jurisdiction exists over a nonresident defendant, "the plaintiff must demonstrate: '(1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

Minimum contacts can be established through a showing of either general or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, when the nonresident defendant's contacts with the forum state are so extensive that they satisfy the "continuous and systematic" test. *Helicopteros*, 466 U.S. at 415-16 (finding a single trip to the forum state to negotiate a contract was not "continuous and systematic" contact

sufficient for general jurisdiction); *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.,* 249 F.3d 413, 419 (5th Cir. 2001). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)). It arises when a defendant purposefully directed its activities at the forum state and those minimum contacts are related to the pending lawsuit. *Id.* (citing *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 296 (5th Cir. 2020)); *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (finding jurisdiction exists when nonresident defendant directed activities to forum state and litigation results from alleged injuries arising out of or related to those activities); *Burger King*, 471 U.S. at 472–73, 475 (holding specific jurisdiction exists over nonresident defendant who "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws").

To determine whether specific jurisdiction exists, the court applies a three-part test that considers whether the defendant purposefully directed its activities at the forum state, whether those contacts arise from forum related contacts and whether the exercise of personal jurisdiction would be fair and reasonable. *See Seville*, 53 F.4th at 895-96; *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014). It is the plaintiff's burden to establish the first two prongs. *Id.* The plaintiff must also show that defendant's contacts with the forum were the result of the *defendant's* intentional, forum-directed activity, and *not* merely the unilateral acts of the plaintiff

8

or third parties. *See Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987); *Helicopteros*, 466 U.S. at 417; *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This restriction on the minimum contacts inquiry is of critical importance and it ensures that the defendant "purposefully availed" itself of the benefits of the forum state such that it could "reasonably anticipate being haled into court there." *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (quoting *Burger King*, 471 U.S. at 474); *see also Bearry*, 818 F.2d at 374.

### IV.    Argument

**A.    Without Continuous and Systemic Contacts with Louisiana, the Court Lacks General Jurisdiction Over the Nonresident Cox Defendants.**

The Eastern District of Louisiana cannot assert general jurisdiction over any of the Nonresident Cox Defendants because none are at home in Louisiana. The Trustee cannot establish a *prima facie* case for general jurisdiction over any of the Nonresident Cox Defendants because he has not sufficiently alleged that any of the Nonresident Cox Defendants "reached out beyond [Texas]" to "purposefully direct[]" their activities at residents of Louisiana. *Burger King*, 471 U.S. at 473. Simply stated, the Trustee has failed to show that the Nonresident Cox Defendants are at home in Louisiana. Accordingly, the Court should dismiss Mr. Cox, Mr. DeVito, LSC 27, LLC, Dallas Estate Management, LLC, CW Facilities, Cox Management Dallas, LLC, Cox Investment Partners, LLC, Cox Oil & Gas, LLC, Phoenix Petro Services, LLC and Proteus Energy LLC for lack of personal jurisdiction.

#### 1. The Nonresident Officer and Director Cox Defendants Are Not at Home in Louisiana.

The Court does not have general jurisdiction over Mr. Cox or Mr. DeVito in their capacity as officers and directors, or individually, because neither are, or have ever been, domiciled in the

State of Louisiana. As the Supreme Court of the United States explained, "the paradigm forum for the exercise of general jurisdiction [over an individual] is the individual's domicile." *Goodyear*, 564 U.S. at 924. Thus, to make a *prima facie* case for general jurisdiction over an individual, the plaintiff must allege that the individual is at home and domiciled in the forum state.

In the case of officers and directors, the fiduciary shield doctrine provides that "the acts of a corporate officer in his corporate capacity cannot form the basis for jurisdiction over him in an individual capacity." *Savoie v. Pritchard*, 122 F.4th 185, 191 (5th Cir. 2024) (applying fiduciary shield doctrine to Louisiana law, finding plaintiff failed to overcome it, and dismissing defendant for lack of personal jurisdiction). This means that general jurisdiction does not attach to an officer or director, who is not otherwise domiciled in the forum. *Id.*

Here, the Trustee admits that Mr. Cox and Mr. DeVito are domiciled in Texas and Virginia, respectively. (SAC ¶¶ 27, 29); Ex. 1 (Decl. B. Cox ¶ 3); Ex. 2 (Decl. V. DeVito ¶ 3). The Trustee also admits that in their capacities as officers and directors, Mr. Cox and Mr. DeVito have a principal place of business in Texas. (SAC ¶ 240(a) ("The Officer and Director Defendants were headquartered in Texas.") Except for the bald allegation that Mr. DeVito (but not Mr. Cox) "has conducted extensive operations and transactions in both Louisiana and Texas," (SAC ¶ 29), the Trustee does not allege any facts to substantiate his assertion that Mr. Cox or Mr. DeVito personally or in their capacities as officer and directors of the Nonresident Cox Defendants have any contacts with the State of Louisiana. (*See, generally*, SAC). Nevertheless, this vague and conclusory allegation is not sufficient to confer general jurisdiction over Mr. DeVito in Louisiana because the Trustee must describe how the alleged "transactions" constitute a "continuous and systematic" connection. *Libersat v. Sundance Energy Inc.*, 437 F. Supp. 3d 557, 568-70 (W.D. La. 2020), aff'd, 978 F.3d 315 (5th Cir. 2020) (explaining existence of contractual relationship with a resident in

10

the forum state usually insufficient to establish the necessary minimum contacts); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344-45 (5th Cir. 2004) (finding evidence out-of-state defendant communicated and contracted with forum state resident to create long-term business relationship not sufficient to establish the necessary minimum contacts). The SAC otherwise lacks any allegations alleging any connection between Mr. Cox or Mr. DeVito and Louisiana.

Even if the Trustee had alleged that Mr. Cox or Mr. DeVito conducted any business in Louisiana on behalf of the Nonresident Cox Defendants, the fiduciary shield doctrine protects these Texas and Virginia residents, who conduct business in Texas, from personal jurisdiction in Louisiana. The doctrine protects officers and directors from personal jurisdiction and liability for actions carried out in their corporate capacity, even if the court has jurisdiction over the corporation itself. *See Savoie*, 122 F.4th at 191 (adopting and applying the fiduciary shield doctrine in Louisiana); *Cobb Indus., Inc. v. Hight*, 469 So.2d 1060, 1062-1063 (La. Ct. App. 1985); *see also Stuart*, 772 F.2d at 1197 (the fiduciary shield doctrine "holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual"); *Escoto v. U.S. Lending Corp.,* 95-2692 (La. App. 4 Cir. 5/22/96), 675 So.2d 741, 745 (the fiduciary shield doctrine "is rooted in the principle that the acts of a corporate officer in his corporate capacity cannot form the basis for jurisdiction over him in an individual capacity"). The doctrine applies unless the plaintiff demonstrates cause to pierce the corporate veil or the defendant allegedly engaged in a tort for which he may be personally liable. *Id.* at 192 (citing *Escoto*, 675 So.2d at 745 (veil-piercing exception); *Se. Wireless Network, Inc. v. U.S. Telemetry Corp.*, 2006-1736 (La. 4/11/07), 954 So.2d 120, 128-129 (tort exception)). Neither exception applies here.

In short, the Trustee does not allege any facts that Mr. Cox and Mr. DeVito have contacts with Louisiana, let alone contacts that are so extensive that they satisfy the "continuous and

systematic" test. *Helicopteros*, 466 U.S. at 415-416. Accordingly, the Court should dismiss the claims against Mr. Cox and Mr. DeVito for lack of general jurisdiction.

### 2. *Nonresident Cox Entity Defendants Are Not Subject to Jurisdiction*

The Eastern District of Louisiana cannot assert general jurisdiction over the Nonresident Cox Entity Defendants because they are organized as Texas and Delaware entities that each have a principal place of business in Texas. A corporation is only subject to general jurisdiction where its contacts are so "continuous and systematic" that it can be "fairly regarded as at home" in the forum state. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (quoting *Goodyear*, 564 U.S. at 919). Thus, unless the defendant has continuous and systematic contacts with the forum state, the defendant has not submitted to the general jurisdiction of the court. *Cf. id*. Additionally, the plaintiff cannot rely on vague and overgeneralized allegations that give no indication as to the extent, duration, or frequency of contacts with the forum to support general jurisdiction. *Multidata Sys. Int'l Corp.* 523 F.3d at 611 (finding "contacts identified by plaintiffs too limited and sporadic to give rise to general jurisdiction").

The "paradigm" forum where a corporate defendant is "at home" is a company's place of formation and its principal place of business. *See Seville*, 53 F.4th at 895; *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337-38 (5th Cir. 2020) (stating the "at home" analysis applies to both corporations and limited liability companies). A company can only have one principal place of business, which is "where top officers direct the corporation's activities and not necessarily where a corporation's general business activities take place or where its plants, sales locations, or employees are located." *Rowell v. Shell Chem. LP*, No. 14-2392, 2015 WL 7306435, at * 4 (E.D. La. Nov. 18, 2015). When not all of the high-level officers are located in the same place or located where day-to-day activities occur, the principal place of business is where "'a critical mass of

controlling corporate officers' work or where 'significant corporate decisions and strategy-forming are made,' even if some officers may live and work in another state where the company's day-to-day activities occur." *Id* (quoting *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 172 (4th Cir. 2014) ("[I]f a corporation's day-to-day operations are managed in one state, while its officers make significant corporate decisions and set corporate policy in another, the principal place of business is the latter.")) This is why it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Frank*, 947 F.3d at 336 (quotation omitted).

Here, the Trustee essentially admits that the Court does not have general jurisdiction over any of the Nonresident Cox Defendants. First, he admits that each entity was organized or exists under the laws of Texas, (SAC ¶¶ 41, 44, 49), or Delaware, (SAC ¶¶ 38, 40, 42, 43, 50-51). Second, he admits that each entity has a principal place of business in Texas because "[t]he Officer and Director Defendants were headquartered in Texas." (SAC ¶ 240(a)). The SAC completely lacks any allegation that any of the Nonresident Cox Entity Defendants were organized in Louisiana or conducted business in Louisiana. (*See, generally,* SAC). This failure is especially telling because, as the Fifth Circuit has emphasized, it is "incredibly difficult" to establish general jurisdiction outside a corporation's place of incorporation or principal place of business. *See Frank*, 947 F.3d at 336 (quotation omitted). The Trustee's allegations come nowhere close to meeting that standard. Thus, the Nonresident Cox Defendants lack the necessary "continuous and systematic" contacts with Louisiana to render them at home here.

To the extent that the Trustee alleges that "the day-to-day operations of Cox Operating were conducted from its real operational headquarters, located in New Orleans, Louisiana … [and later] Jefferson Parish, Louisiana," this allegation does not create personal jurisdiction over the

Nonresident Cox Entity Defendants.  (SAC ¶ 75).  First, that allegation does not confer jurisdiction over the Nonresident Cox Entity Defendants because it concerns the unilateral activity of a third-party—Cox Operating.  *See Helicopteros*, 466 U.S. at 415-16 ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *see also Hanson*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").  Second, even if this allegation could somehow be imputed to the Nonresident Cox Entity Defendants, the location of "day-to-day operations" is not the principal place of business, which the Trustee alleges is in Texas, where Mr. Cox, Mr. DeVito, and the other officers and directors were headquartered.  *See Hoschar*, 739 F.3d at 172 (finding principal place of business may be in a different location than day-to-day operations); (SAC ¶ 240(a) (admitting Defendants are headquartered in Texas).    Thus, the Nonresident Cox Defendants are not at home in Louisiana.

Likewise, the allegation that "Louisiana vendors were exceptionally hard hit" by the Plaintiff Debtors' bankruptcy and that there were "a minimum of 241 Louisiana creditors with approximately $150 million" in claims in the bankruptcy does not confer general jurisdiction over the Nonresident Cox Entity Defendants.  (SAC ¶ 14).[6]  Again, where this allegation concerns the unilateral actions of a third-party, Cox Operating, and does not allege that any of the Nonresident Cox Operating Entities owed money to anyone in Louisiana, it does not render them at home in Louisiana and does not confer general jurisdiction over them.  Thus, the Court should find that it lacks general jurisdiction over the Nonresident Cox Entity Defendants.

---

[6] In fact, those claims are being determined in the underlying bankruptcy proceeding in Texas.

**B.** **Where the Suit-Related Conduct Occurred in Texas, the Court Lacks Specific Jurisdiction Over the Nonresident Cox Defendants.**

Not only does the Eastern District of Louisiana lack general jurisdiction over the Nonresident Cox Defendants, it also lacks specific jurisdiction. The Trustee does not—and cannot—meet his *prima facie* burden to allege that any of the Nonresident Cox Defendants have minimum contacts with Louisiana or that any of the causes of action alleged in the SAC arise out of those contacts. *See Seville*, 53 F.4th at 895-96. Thus, as explained below, it would not be fair or reasonable to subject the Nonresident Cox Defendants to jurisdiction in Louisiana.

A court may exercise specific jurisdiction over a defendant, whose contacts with the forum are not sufficient to give rise to general jurisdiction, if the plaintiff's claims "arise out of" or are "related to the *defendant's* contacts with the forum." *Libersat*, 437 F. Supp. 3d at 569 (quoting *Helicopteros*, 466 U.S. at 414). To determine if specific jurisdiction exists, the Fifth Circuit applies a three-prong analysis that considers: "(1) whether the defendant has minimum contacts with the forum state, *i.e.,* whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there"; "(2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts;" and "(3) whether the exercise of personal jurisdiction is fair and reasonable." *Seville*, 53 F.4th at 895-96; *Monkton*, 768 F.3d at 433. The plaintiff must establish the first two prongs before the burden shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable. *Id.*

Here, the Trustee has not maintained his burden, and cannot make a *prima facie* showing that any of the Nonresident Cox Defendants have minimum contacts with Texas or that the causes of action alleged in the SAC arise out of or resulted from the Nonresident Cox Defendants' forum-related contacts. *Seville*, 53 F.4th at 895-96; *Monkton*, 768 F.3d at 433. This is because the Trustee alleges that the events giving rise to the claims in this lawsuit involved the State of Texas. The

Trustee admits that the transfers at issue were directed, authorized, and received in Texas using Texas bank accounts. (SAC ¶ 240). To the extent that the Trustee also alleges that Cox Operating made transfers to LSC that "were executed in Louisiana and were made to one or more bank accounts maintained by LSC in Colorado or to creditors of LSC located in Colorado," the Trustee has not alleged minimum contacts between LSC and Louisiana.[7] (SAC ¶¶ 390-391). That is because the unilateral action of a plaintiff is not sufficient to establish specific jurisdiction. *See Bearry*, 818 F.2d at 374 ("When the cause of action relates to the defendant's contact with the forum, the 'minimum contacts' requirement is satisfied, and 'specific' jurisdiction is proper, so long as that contact resulted from the defendant's purposeful conduct and not the unilateral activity of the plaintiff."); *Helicopteros*, 466 U.S. at 415-16 ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *see also Hanson*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). Here, even taking as true for the purpose of a Rule 12 motion, the Trustee's stand-a-lone allegation that Plaintiff Debtor, Cox Operating, took unilateral action to execute a transfer in Louisiana, which LSC received in Colorado, still cannot impute specific jurisdiction in Louisiana to LSC. *See Libersat*, 437 F.Supp.3d. at 570-571 (finding existence of a contractual relationship with a resident of the forum state is usually insufficient to establish the necessary minimum contacts for specific jurisdiction). Therefore, because the Trustee's allegations show that all lawsuit-related conduct occurred in

---

[7] The Trustee cannot plead facts in the alternative. *See Almazan v. Almazan*, No. 14-CV-311 AJN, 2015 WL 500176, at *13 n.4 (S.D.N.Y. Feb. 4, 2015) (noting while Fed. R. Civ. P. 8(d)(2) expressly allows pleading claims in the alternative, plaintiffs may not plead facts in the alternative).

Texas (and any Louisiana activity was the unilateral conduct of a debtor), the Court should hold that it lacks specific jurisdiction over all Nonresident Cox Defendants.

Finally, exercising personal jurisdiction over the Nonresident Cox Defendants would not be fair and reasonable. *See Seville*, 53 F.4th at 895. "Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show the assertion of jurisdiction would be unfair." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). The determination of reasonableness involves the consideration of "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 421 (5th Cir. 1993).

Here, as the Cox Defendants argue in their concurrent Motion to Transfer Venue to the Southern District of Texas, each of the five factors favor Texas. *See* Cox Defendants' Motion to Transfer Venue ("Cox Mot. Tr. Venue"), *Warner v. Cox*, No. 2:25-cv-00943 (E.D. La. Aug. 29, 2025). The Nonresident Cox Defendants, like the Plaintiff Debtors, are all at home in Texas, where they are headquartered, where Mr. Cox lives, where Mr. Cox and Mr. DeVito are employed, and where records and the vast majority of the witnesses are located. Indeed, the Trustee and the professional services firms advised the Plaintiff Debtors on these transactions and have knowledge of the related bankruptcies that the U.S. Bankruptcy Court for the Southern District of Texas is adjudicating. *See* Cox Mot. Tr. Venue, *Warner v. Cox*, 2:25-cv-00943 (E.D. La Aug. 29, 2025). Conversely, the only party that is located in Louisiana is the Trustee's counsel in this lawsuit. Previously, the Debtor Plaintiffs successfully petitioned the U.S. Bankruptcy Court for the Eastern District of Louisiana to transfer an involuntary bankruptcy filed there to the Southern District of

Texas.  *See* <u>Exhibit 3</u> (Order, *In re Cox Operating, LLC*, No. 23-90794, 652 B.R. 49 (Bankr. E.D. La. 2023), ECF 73 (Grabill, J.)).  This transfer motion certainly operates as a concession to the proper jurisdiction of this proceeding. This is why Texas inherently has a greater interest in resolving this controversy than Louisiana and doing so in Texas will support the efficient resolution of controversies and avoid inconsistent factual rulings.  Accordingly, the exercise of personal jurisdiction in Louisiana over the Nonresident Cox Defendants would not be fair or reasonable and the court should dismiss the Nonresident Cox Defendants for lack of personal jurisdiction.

### V.    Conclusion

In summary, the Trustee has not alleged—and there is no scenario where he could allege—facts sufficient to establish a *prima facie* showing that Defendants Brad Cox; Vincent DeVito; LSC; Dallas Estate Management; CW Facilities; Cox Management Dallas; Cox Oil LLC; Cox Investment Partners; Cox Oil & Gas; Phoenix Petro Services; and Proteus Energy LLC had continuous and systemic contacts with or purposefully availed themselves of the benefits and protections of Louisiana's laws that would give rise to general jurisdiction.  The Trustee foreclosed the possibility of specific jurisdiction when he alleged that all of the suit related conduct occurred in Texas.  As a result, the Eastern District of Louisiana does not have personal jurisdiction over the Defendants and the above-named nonresident Defendants should be dismissed.

Dated:  August 29, 2025                    Respectfully submitted,

**By:**  */s/ Nicholas J. Wehlen*
**Nicholas J. Wehlen, La. Bar No. 29476**
**Edward B. Poitevent, II, La. Bar No. 10564**
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, LA 70112-4041
Phone: (504) 581-3200
Email: nwehlen@stonepigman.com
epoitevent@stonepigman.com

**By:** */s/ Edward J. Longosz, II*
**Edward J. Longosz, II, T.A. (*pro hac vice*)**
**Elizabeth Olien (*pro hac vice*)**
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Avenue, NW, 12th Floor
Washington, D.C. 20006
Phone: (202) 659-6600
Email: elongosz@eckertseamans.com
       eolien@eckertseamans.com

*Counsel for Defendants Brad E. Cox; Vincent DeVito; LSC 27, LLC; CW Facilities, LLC; Cox Management Dallas, LLC; Dallas Estate Management, LLC; Cox Investment Partners, LLC; Cox Oil & Gas, LLC; Phoenix Petro Services, LLC; Proteus Energy, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2025, I caused the foregoing Memorandum in Support of Motion to Dismiss the Complaint for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) to be electronically served on all counsel of record and filed with the Clerk of the Court, United States District Court for the Eastern District of Louisiana, via the Court's CM/ECF e-filing system.

*/s/ Nicholas J. Wehlen*
    Nicholas J. Wehlen