## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MICHAEL D. WARNER, solely in his official
capacity as Chapter 7 Trustee of COX
OPERATING L.L.C., MLCJR, LLC, COX OIL
OFFSHORE, L.L.C., ENERGY XXI, GOM, LLC,
ENERGY XXI GULF COAST, LLC, EPL OIL &
GAS, LLC, AND M21K, LLC

   VERSUS

BRAD E. COX, et al.

\*   
\*   
\*   CIVIL ACTION AND ADVERSARY
\*   PROCEEDING NO. 25-943
\*
\*   DISTRICT JUDGE: BRANDON S.
\*   LONG
\*
\*   MAGISTRATE JUDGE: MICHAEL
\*   NORTH
\*

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
## DEFENDANTS' RULE 12(b)(2) MOTIONS

NOW INTO COURT, through undersigned counsel, comes Plaintiff Michael D. Warner,

the duly elected Chapter 7 trustee (the "Trustee" or "Plaintiff") of the above-captioned Debtors'

estates, in those certain jointly administered cases under Chapter 7 of the United States Bankruptcy

Code styled *In re MLCJR, et al.*, Case No. 23-90324 (CML) pending before the United States

Bankruptcy Court for the Southern District of Texas, who respectfully submits this memorandum

in opposition to the Rule 12(b)(2) Motions to Dismiss for Lack of Personal Jurisdiction

(collectively, the "Rule 12(b)(2) Motions") filed by Defendants Brad E. Cox; Vincent DeVito;

LSC 27, LLC; Dallas Estate Management, LLC; CW Facilities, LLC; Cox Management Dallas,

LLC; Cox Investment Partners, LLC; Cox Oil & Gas, LLC; Phoenix Petro Services, LLC; and

Proteus Energy LLC (collectively, "the Cox Defendants"), and Defendants William Graham in his

capacity as the named trustee of the Bradley Edwin Cox Trust, the Charlee Lochridge Cox Dynasty

Trust, and the Edwin L. Cox "B" Trust; EasTex Deer Meadow, LLC; Win Management, LLC;

Windward Capital Assets, LLC; RCP Capital Management LLC – Series No. 10; and RCL Capital

Management LLC – Series No. 7 (collectively, "the Graham Defendants," and together with the

Cox Defendants, "Movants"), respectively, as R. Docs. 30 and 36. The Trustee respectfully responds to both Rule 12(b)(2) Motions herein.

## SUMMARY OF ARGUMENT

In their Rule 12(b)(2) Motions, Movants ask this Court to dismiss the Trustee's claims against them "because their contacts with Louisiana are insufficient to establish general jurisdiction" and "because they have not purposely availed themselves of the jurisdiction of the State of Louisiana." The basis for this Court's jurisdiction over this proceeding, as alleged by the Trustee, is not diversity jurisdiction but bankruptcy "arising under" and "related to" jurisdiction. It is well settled that when a Court exercises such bankruptcy jurisdiction, the relevant inquiry is whether the Movants have minimum contacts with the United States, rather than with the venue state. Movants overlook this dispositive distinction in their Motions. As further set forth below, because Movants have minimum contacts with the United States and the Movants were served with a summons in compliance with Bankruptcy Rule 7004, which is applicable in this proceeding, this Court has personal jurisdiction over the Movants and thus should deny Movants' 12(b)(2) Motions.

## ARGUMENT

Subsection (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules", Rule 7004 provides:

> If exercising jurisdiction is consistent with the United States Constitution and laws, serving a summons or filing a waiver of service under this Rule 7004 or the applicable provisions of Fed. R. Civ. P. 4 establishes personal jurisdiction over a defendant:
> (1) in a bankruptcy case; or
> (2) in a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Accordingly, this Court can exercise personal jurisdiction over Movants if three requirements are

2

met:

1.      Movants must have been served with a summons in compliance with Bankruptcy Rule 7004;

2.      This proceeding must either be a bankruptcy case or a civil proceeding arising under the Bankruptcy Code, or arising in or related to a case under the Bankruptcy Code; and

3.      This Court's exercise of jurisdiction must be consistent with the United States Constitution and laws.

As alleged in ¶ 61 of Plaintiff's Original Adversary Complaint and Jury Trial Demand (the "Original Complaint"),[1] this Court has personal jurisdiction over all Movants under 28 U.S.C. § 1334(b), because (1) all Movants were properly served with a summons under Bankruptcy Rule 7004(f), (2) the above-captioned litigation ("the Adversary Proceeding") is related to a case arising under the Bankruptcy Code, and (3) all Movants are citizens of the United States with requisite minimum contacts. Movants do not allege or dispute that they are citizens of the United States. Accordingly, this Court's exercise of jurisdiction over Movants in the Adversary Proceeding is consistent with traditional notions of fair play and substantial justice, the Bankruptcy Code and the Bankruptcy Rules.

***Movants were properly served with a summons in compliance with Bankruptcy Rule 7004.*** The Trustee properly served summonses by mail on all individual Movants as contemplated by Bankruptcy Rule 7004 by mailing copies of the Original Complaint and the First Amended Complaint simultaneously to Movants or their officers, agents, or agents of service at their dwellings, usual places of abode, or where they regularly conduct business. *See* R. Docs. 4, 5.

---

[1] *See also* First Amended Adversary Complaint and Jury Trial Demand ("First Amended Complaint"), R. Doc. 3, at ¶ 61; Second Amended Adversary Complaint and Jury Trial Demand ("Second Amended Complaint"), R. Doc. 12, ¶ 62 (the Original Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Adversary Complaint and Jury Trial Demand are collectively referred to hereinafter as "the Trustee's Complaints").

Movants do not dispute that they were properly served with the Trustee's Complaints. *See* Rule 12(b)(2) Motions, R. Docs. 30, 36.[2]

***This Adversary Proceeding relates to a case under the Bankruptcy Code.*** As pled in ¶ 62 of Plaintiff's Original Complaint and Second Amended Complaint, this Adversary Proceeding, at minimum, relates to a case under Chapter 7 of Title 11 of the United States Bankruptcy Code: *In re MLCJR, et al.*, Case No. 23-90324, pending before the United States Bankruptcy Court for the Southern District of Texas (the "Jointly Administered Cases"). The debtors in the Jointly Administered Cases are hereinafter referred to as the "Debtors."

A civil lawsuit is "related to" a case under title 11 if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987) (emphasis in original). If the outcome of the proceeding "could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankruptcy estate," it is "related to" the bankruptcy. *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007).

The plaintiff herein is the Trustee of the Debtors' estates in the Jointly Administered Cases. Via this Adversary Proceeding, the Trustee seeks, *inter alia*, to recover fraudulently transferred funds for the benefit of the estates of the Jointly Administered Cases. The outcome of this Adversary Proceeding could thus conceivably have a direct impact on the administration of the Jointly Administered Estates by increasing the size of the estates and the amounts recoverable by the Debtors' creditors. *See, e.g.*, *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014) ("[B]ecause the claims assert that property of the bankruptcy estate was improperly removed, they

---

[2] Upon receiving proper service of the Original and First Amended Complaints, Movants made appearances in the case. *See* R. Docs. 9, 10, 16. Movants were properly served with the Second and Third Amended Complaints through the CM/ECF System.

are self-evidently 'related to a case under title 11.'"); *In re BP RE, L.P.*, 735 F.3d 279, 282 (5th Cir. 2013) (finding that TUFTA claims brought by debtor against third-party non-creditors were "related to" the bankruptcy case because "any recovery on the claims brought by the debtor will go directly to the estate"). This Adversary Proceeding is thus a quintessential "related to" case.

   ***This Court's exercise of personal jurisdiction over Movants comports with the United States Constitution and laws.*** As the Honorable Judge Africk of this district has explained, when the Court exercises "related to" bankruptcy jurisdiction pursuant to § 1334(b), "the relevant inquiry is whether the [ ] defendants have minimum contacts *with the United States*," rather than with the State of Louisiana. *Lentz v. Trinchard*, 730 F. Supp. 2d 567, 577 (E.D. La. 2010) (emphasis in original) (citing *In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 511 F. Supp. 2d 742, 790 (S.D. Tex. 2005)); *see also Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994) ("When a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States."). The question of personal jurisdiction turns on minimum contacts with the United States "because when an action is in federal court on 'related to' jurisdiction, the sovereign exercising authority is the United States, not the individual state in which the federal court sits." *Lentz*, 730 F. Supp. 2d at 577–78 (citing *Diamond Mortgage Corp. of Illinois v. Sugar*, 913, F.3d 1233, 1244 (7th Cir. 1990); *In re Enron*, 511, F. Supp. 2d at 790). Movants do not contest their minimum contacts with the United States; to the contrary, they each acknowledge citizenship in a state herein, as alleged in Plaintiff's Original Complaint and Second Amended Complaint. *See* R. Docs. 1, 12 at ¶¶ 27–57. "Given that the relevant sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a defendant residing within

5

the United States." *Busch*, 11 F.3d at 1258.

Furthermore, the personal jurisdiction afforded by 28 U.S.C. § 1334 and Bankruptcy Rule 7004 extends nationwide; it is not limited to the bankruptcy court in which the bankruptcy petition was filed, nor to the federal district in which that bankruptcy court sits. *See, e.g.*, *Redhawk Global, LLC v. World Projects Intn'l*, 495 B.R. 368 (S.D. Ohio 2013) (finding that Bankruptcy Rule 7004(f) established the court's jurisdiction over defendants in the United States District Court of the Southern District of Ohio where the debtors filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas in Houston). This Court's exercise of personal jurisdiction over Movants is proper, and it is of no moment that the Jointly Administered Cases are pending elsewhere.

<b>CONCLUSION</b>

Because (1) this case is related to the Jointly Administered [Bankruptcy] Cases, (2) the Movants are all citizens of the United States, and (3) the Movants were all served with a summons in compliance with Bankruptcy Rule 7004, this Court's exercise of personal jurisdiction over them is fair, just, and constitutional.

WHEREFORE, for the following reasons, the Trustee respectfully requests that this Court deny Movants' Rule 12(b)(2) Motions. Alternatively, and only if the Court deems Movants' minimum contacts with Louisiana to be relevant to the question of personal jurisdiction in this Adversary Proceeding, the Trustee respectfully requests the opportunity to conduct jurisdictional discovery and supplement this memorandum in opposition to the Rule 12(b)(2) Motions.

Respectfully submitted,

*/s/ Julie S. Meaders*
Brent B. Barriere, La. Bar No. 2848
Alicia M. Bendana, La. Bar No. 21472

Kerry J. Miller, La. Bar. No. 24562
Kaja S. Elmer, La. Bar No. 35568
Julie S. Meaders, La. Bar No. 39984
Margaret M. Daly, La. Bar No. 40331
FISHMAN HAYGOOD, LLP
201 St. Charles, 46th Floor
New Orleans, LA 70170
T: (504) 585-5252
F: (504) 586-5250
bbarriere@fishmanhaygood.com
abendana@fishmanhaygood.com
kmiller@fishmanhaygood.com
kelmer@fishmanhaygood.com
jmeaders@fishmanhaygood.com
mdaly@fishmanhaygood.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025 the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system.

*/s/ Julie S. Meaders*
Julie S. Meaders

7